JESSE WAGNER
MS: 203255
PO BOX 100
CROWLEY CO



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WAGNER, | ) |
| | ) CASE NO.   '25CV1307 CAB DEB |
| PLAINTIFF | ) |
| | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) |
| 5280 BAIL BONDS, a business of unknown | ) |
| structure, NICOLE MARTINEZ, an individual, | ) |
| and DOES 1 -- 10 | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## INTRODUCTION

    This complaint for damages arises from the civil theft and conversion of a vehicle and personal property while acting in a fiduciary capacity. Defendant 5280 Bail Bonds, by and through it's owner, Nicole Martinez, fraudulently obtained a vehicle and personal property and converted it for personal use. Plaintiff, a California resident sought out the services of 5280 Bail Bonds, out of Colorado, and pledged a vehicle owned by Fugitive Warrants to barter the bail premium. When the time came for Plaintiff to be bailed out of jail, Martinez refused to post the bail. Martinez held the vehicle and contents inside that vehicle, and refused to return it. Ultimately, Martinez fraudulently transferred title and converted the ownership of the vehicle from Fugitive Warrants, to 5280 Bail Bonds in violation of Colorado Revised Statutes (CRS) 10.2.801(1)(e), (I), and (k), entitling Plaintiff to recover damages pursuant to CRS 18-4-405.

1

As a result of the conduct of 5280 Bail Bonds and Martinez, plaintiff was unable to use the vehicle, suffered loss of property contained therein, and was unable to pursue his profession because of the loss of the tools for his trade as a bounty hunter.

## JURISDICTION AND VENUE

Jurisdiction is invoked pursuant to 28 USC 1332(a)(1) based on diversity of citizenship between plaintiff (a California resident) and defendants (a Colorado resident), and the amount in controversy exceeds $75,000.00.

Venue is proper in the Southern District of California pursuant to 28 USC 1391(b)(2). A substantial part of the acts and omission giving rise to each cause of action occurred in San Diego.

## PARTIES

1. Plaintiff JESSE WAGNER (hereinafter "Plaintiff") is the plaintiff in this matter. At all times relevant herein, is a resident of the State of California, County of San Diego, City of San Diego.

2. Plaintiff is informed and believes and on this basis alleges that 5280 BAIL BONDS is a defendant in this matter and at all times relevant herein is a business of unknown structure, conducting business in the State of California, with a principal place of business in the State of Colorado, County of Denver, City of Denver, with a principal address of 8354 Northfield Blvd., Suite 347, Denver CO 80238.

3. Plaintiff is informed and believes and on this basis alleges that NICOLE MARTINEZ (hereinafter referred to as "Martinez") is a defendant in this matter and at all times relevant herein is a resident of the State of Colorado, County of Denver, City of Denver, with a principal address of 12955 East Elgin St., Denver, Colorado.

4. Plaintiff is ignorant of the true names of DOE DEFENDANTS sued herein as DOES 1 to 10 and therefore sues these defendant's by fictitious names. Plaintiff will amend this complaint to allege their true names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendant's are responsible for the claims herein alleged and proximately caused plaintiff's damages.

5. "Defendants" as used herein, regardless of whether singular or plural, includes all of the named defendants and all DOE defendants.

6. Plaintiff is informed, believes, and thereon alleges that each of the DEFENDANT'S acted in concert with each other DEFENDANT, intended to and did participate in the conduct alleged herein, and were a proximate cause of the damages and injuries to plaintiff. Plaintiff is informed, believes, and thereon alleges that at all relevant times each defendant was the alter ego, agent, servant, employee, and representative of every other defendant and that in engaging in the conduct hereinafter alleged, defendant's were acting within the course and scope of such other alter ego, agency, servitude, employment, and representation with knowledge, permission, approval, consent, or subsequent ratification, of every other Defendant.

2

## GENERAL ALLEGATIONS

7. In or about March of 2023, Plaintiff was the managing partner for Fugitive Warrants, a California Limited Liability Company. Fugitive Warrants was a private investigation company providing fugitive recovery services.

8. Plaintiff purchased a 2014 Ford Taurus with a vin number of 1FAHP2MK2EG11847 ("Vehicle") and registered the vehicle with the State of California in the name of Fugitive Warrants, LLC. The vehicle was upfitted to contain a prisoner partition, security bars on the prisoner compartment, radio equipment, emergency lighting equipment, ballistic door panels, and heavy duty suspension and brakes for the demanding use in emergency response.

9. In or about June of 2023, Plaintiff was working as a fugitive recovery agent within Commerce City, Colorado. Plaintiff was involved in a use of force incident resulting in a shooting of a fugitive. Plaintiff felt that the responding officers may pursue charges against him. He returned back to California awaiting a charging determination.

10. While in California, Plaintiff contacted 5280 Bail Bonds and spoke with Nicole Martinez. Martinez agreed to post bail for Plaintiff if charges were filed. The agreement was for Fugitive Warrants to trade the vehicle in exchange for the bail to be posted. Plaintiff and Martinez agreed and understood that the barter agreement was contingent upon the vehicle passing Colorado's emissions standards. Plaintiff traveled to Colorado and provided the car to Martinez.

11. Shortly thereafter, Martinez informed Plaintiff that the car did not pass emissions. As a result, Martinez terminated the agreement. Charges were filed and Plaintiff hired another bail company to post the bond for his release from jail. Plaintiff was unable at the time to drive the car back to California because he had prepaid for a round-trip flight.

12. On August 5, 2023, Plaintiff contacted Martinez to obtain possession of the car. Martinez felt that Plaintiff owed her money for an unrelated matter. Martinez refused to return the vehicle until Plaintiff paid her money she felt Plaintiff owed her. Martinez texted Plaintiff and agreed to return the car and title if he paid her $200.00. Plaintiff sent her payment via cash-app on August 5, 2023. Plaintiff flew to Denver and picked up the vehicle from Martinez's father. Upon inspection, the title was not inside the vehicle.

13. Plaintiff placed his personal property inside the vehicle, including but not limited to a portable ink jet printer, 5.11 brand utility bag, 4 pairs of handcuffs, armor express body armor, outer worn body armor, byrna pepper ball gun, holster, projectiles, taser X7, pelican flashlight, iPhone 15, GPS devices, two-way radios, binoculars, and tools used in his profession as a bounty hunter.

14. On August 6, 2023, Plaintiff was again arrested in Denver, for an unrelated incident. The car was impounded.

3

15. On or about August 16, 2023, Martinez contacted police and asked to gain possession of the vehicle. She presented the wrongfully possessed title to the vehicle and explained that she was the lawful owner of the vehicle.

16. Between August 6, 2023 and May 1, 2025, Plaintiff attempted to contact Martinez multiple times without success.

17. On or about May 3, 2025, Plaintiff summoned the assistance of former California Police Officer Jeremy Clark to assist. Clark interviewed Martinez. Martinez said that she had possession of the vehicle. She refused to return the vehicle citing she felt Plaintiff, in his personal capacity, owed her money. For this reason, she transferred title of the Vehicle owned by Fugitive Warrants to 5280 Bail Bonds. Martinez said that when she gained possession of the vehicle, there was no personal property inside the vehicle. She explained that the police took out all of Plaintiffs property and the car was empty when she obtained it. This was inconsistent with the property inventory issued upon impoundment of the vehicle.

## FIRST CAUSE OF ACTION
## CIVIL THEFT (CRS 18-4-405)
## BY PLAINTIFF AGAINST DEFENDANTS

18. Plaintiff incorporates and realleges paragraph 1 though 17 above as though fully set forth herein.

19. Defendant retained, obtained, and/or exercised control over Plaintiff's vehicle and personal property without plaintiff's consent.

20. Defendant acted without authorization by deception. For example, Plaintiff did not consent to the actions of defendant. Defendant fraudulently transferred ownership of plaintiff's vehicle and kept plaintiff's personal property. Defendant perpetrated a fraud to retrieve possession of the vehicle from the impound yard.

21. Defendant acted intentionally and knowingly in a manner designed to permanently deprive plaintiff of the vehicle and property. For example, plaintiff transferred title to become the registered owner. When Clark attempted to retrieve the vehicle, Defendant said that she refused to return it because she paid for the transfer of title and costs. Evidencing consciousness of wrongdoing, Defendant lied to Clark when claiming that there was no personal property in the vehicle when she took it from impound.

22. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. Accordingly, plaintiff is entitled to receive punitive damages in an amount sufficient to punish Defendants and to deter future similar conduct.

23. Plaintiff is entitled to treble damages in the amount of three times the amount of loss pursuant to Chavez v. Chavez 520 P.3d 134 (Colo. App. 2022).)

4

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
### BY PLAINTIFF AGAINST DEFENDANTS

24. Plaintiff incorporates and realleges paragraph 1 though 23 above as though fully set forth herein.

25. Defendant received a benefit at the expense of plaintiff. For example, Defendant's were able to take possession of Plaintiffs property and vehicle, and kept or sold the vehicle for their personal use. The property was required by statute to be returned when the Defendant failed to post bond for Plaintiff. Rather than return the vehicle, Defendant took advantage of plaintiff being in jail and converted the property for her own use.

26. Defendant has retained the benefit at the expense of Plaintiff. For example, Defendant's disposition of plaintiff's vehicle and property in whatever manner she deemed fit without consent of Plaintiff.

27. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and did act with an extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

28. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

### THIRD CAUSE OF ACTION
### CONVERSION
### BY PLAINTIFF AGAINST DEFENDANTS

29. Plaintiff incorporates and realleges paragraph 1 though 28 above as though fully set forth herein.

30. Plaintiff possessed ownership or right of possession of the Vehicle and the Personal Property contained therein at the time of the conversion. For example, Plaintiff was the sole owner of the personal property and the legal owner of the vehicle.

31. Defendant's conversion of Plaintiffs personal property and vehicle was by wrongful act or disposition of rights. For example, there was no consent or justification for the taking of the vehicle and property.

32. As a result, Plaintiff suffered damages from the loss of the vehicle and property.

33. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and did act with an

5

extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

34. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

### FOURTH CAUSE OF ACTION
### FRAUD – NEGLIGENT MISREPRESENTATION
### BY PLAINTIFF AGAINST ALL DEFENDANTS

35. Plaintiff incorporates and reallages paragraph 1 though 34 above as though fully set forth herein.

36. Plaintiff was harmed because of Defendant's negligently misrepresentation of fact. For example, Martinez gained possession of the vehicle initially by negotiating a bail bond for Plaintiff. When agreement was voided by Martinez, she continued to retain possession of the title to the vehicle. Martinez used the title to retrieve the vehicle from police impound. Martinez then used the title to transfer ownership from Fugitive Warrants to 5280 Bail Bonds.

37. Martinez represented to plaintiff that a fact was true. For example, Martinez told Plaintiff that she would return the vehicle to plaintiff if it could not be registered in Colorado and would void the agreement to post Plaintiff's bail. The vehicle did not pass emissions. Martinez did not post the bond.

38. Martinez's representation was not true. For example, Martinez failed to return the vehicle back to Plaintiff.

39. Martinez had no reasonable grounds for believing her representation was true when she made it. For example, Martinez withheld title from Plaintiff and ultimately used that title to recover possession of the vehicle and to convert title to 5280 Bail Bonds. Martinez obtained all the plaintiff's possessions from within the vehicle and used it for her own personal use. The withholding of the title and misrepresentation as to the contents of the car evidences her intent wrongfully deprive Plaintiff of his possessory rights.

40. Martinez intended that Plaintiff rely on this representation. For example, Martinez preyed upon Plaintiff who was vulnerable due to being incarcerated. She obtained possession of the vehicle by promising to get him out of custody, and then refused to get him out of custody. When Plaintiff was able to get himself out of custody, Martinez stalled in returning the vehicle and fabricated an ad hoc reasoning to continue her wrongful possession of the title. Had Martinez been truthful that she would not post plaintiff's bail, Plaintiff would never have given over possession of the car and title.

41. Plaintiff's reasonably relied on Martinez's representation. For example, Plaintiff was aware Martinez was a licensed bail agent. Plaintiff was aware that the Colorado Revised Statutes required Martinez to return collateral and funds obtained if the bail was not posted. Plaintiff relied upon Martinez representation that she would comply with the laws relating to the return of money and/or property.

6

42. Plaintiff's reliance on Martinez representations was a substantial factor in causing his harm. For example, plaintiff suffered economic damages, loss of property, loss of use of property, and prospective earnings as a result of the action of Defendant.

43. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and did act with an extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

44. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

### FIFTH CAUSE OF ACTION
### BREACH OF AGREEMENT
### BY PLAINTIFF AGAINST ALL DEFENDANTS

45. Plaintiff incorporates and reallages paragraph 1 though 44 above as though fully set forth herein.

46. Plaintiff seeks to recovery damages from Defendant's breach of agreement.

47. Plaintiff and Martinez, acting on behalf of 5280 Bail Bonds, entered in to an agreement. For example, Plaintiff agreed to trade the Vehicle in exchange for a computer and posting of bail. The agreement was contingent upon the vehicle passing Colorado emissions. Plaintiff drove the vehicle to Colorado but it was unable to pass emissions. Plaintiff returned the computer. Defendant did not post Plaintiff's bail. Defendant failed to return the vehicle.

48. The express offer was both in writing and verbal as well as express and implied. For example Plaintiff and Martinez communicated both verbally as well as via text.

49. As consideration for the agreement, Plaintiff did all or substantially all of the significant things that the contract required him to do.

50. Defendant initially returned the vehicle to Plaintiff. Plaintiff sent Defendant $200.00, however, Defendant did not return title to Plaintiff. Defendant did use that title to retrieve the vehicle from impound.

51. Defendant breached the agreement and contract. For example, Defendant did not return the title to the vehicle and then used that title to regain possession of the vehicle from impound, which gave her the opportunity to transfer title while she knew Plaintiff was incarcerated.

52. Plaintiff was harmed. Plaintiff suffered damages resulting from the loss of property and vehicle.

53. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of

7

conduct with an understanding of-or disregard for-its likely consequences, and did act with an extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

54. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY RESPONSIBILITY
## BY PLAINTIFF AGAINST ALL DEFENDANTS

55. Plaintiff incorporates and realleges paragraph 1 though 54 above as though fully set forth herein.

56. Defendant owed Plaintiff a fiduciary duty. For example, CRS Section 10-2-704 creates a fiduciary relationship between plaintiff and defendant, establishing unearned premiums belong to Plaintiff and Defendant has the duty to return unearned premium within 45 days after receipt.

57. Defendant breached that fiduciary capacity. Plaintiff used the car as consideration for bail. Defendant canceled the agreement to post bond for plaintiff. Defendant retained title of the vehicle after she decided not to post bond for plaintiff. She then used that title to register the vehicle to 5280 Bail Bonds. Defendant refused to return the vehicle.

58. Plaintiff was harmed. Plaintiff suffered damages resulting from the loss of property and vehicle.

59. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and did act with an extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

60. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

## SEVENTH CAUSE OF ACTION
## NEGLIGENCE
## BY PLAINTIFF AGAINST ALL DEFENDANTS

61. Plaintiff incorporates and realleges paragraph 1 though 60 above as though fully set forth herein.

62. Defendant owed a legal duty of care to Plaintiff. Defendant had a duty to refrain from stealing Plaintiff's property and vehicle pursuant to CRS 18-4-405. Defendant had a fiduciary duty to

return unearned premium, that is, the vehicle and property, within 45 days of receipt. (CRS 10-2-704).

63. Defendant breached the statutorily imposed duty. Defendant did not return the vehicle and transferred ownership to 5280 Bail Bonds.

64. Plaintiff was harmed. Plaintiff suffered damages resulting from the loss of property and vehicle.

65. Defendant's acts and/or omissions constitute malice, oppression, and/or fraud. For example, defendant acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and did act with an extremely harmful state of mind with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

66. Accordingly, plaintiff is entitled to receive punitive damages in an amount sufficient to punish Defendants and to deter future similar conduct.

67. Wherefore, plaintiff seeks compensatory, punitive, and general damages in an amount according to proof at trial as determined by a jury, and for such further relief as the court deems proper.

WHEREFORE Plaintiff prays for the following:
1. General Damages in an amount according to proof at trial;
2. Punitive Damages in an amount according to proof at trial;
3. Compensatory Damages in an amount according to proof at trial; and
4. Attorney Costs and Fees.

Dated: 5/16/2025

Respectfully

JESSE WAGNER

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issued raised in this complaint for damages.

Dated: 5/16/2025

Respectfully

JESSE WAGNER

DEAR CLERK –

WOULD YOU PLEASE ACCEPT THIS

FOR FILING AND SEND ME A COPY

AT THE ADDRESS BELOW

JESSE WAGNER
203255
P.O. BOX 106
OLNEY SPRINGS CO 81062

THANK YOU

**Colorado Department of Corrections**

Name _JESSE WAGNER_

Register Number _20325T_

Unit _4B6215_

Box Number _100_

City, State, Zip _OLNEY SPRINGS CC_

_81062_

RECEIVED

MAY 19 2025

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DENVER CO 802

16 MAY 2025PM 5

US POSTAGE PITNEY BOWES

ZIP 81062
02 7H
0006192021

$ 001.25⁰

MAY 15 2025

_STATES DISTRICT COURT_

_THE COURT_

_333 WEST BROADWAY_

_SUITE 420_

_SAN DIEGO CA 92101_

_LEGAL
MAIL_

92101-380620

CCCf
FACILITY

5·14·25
DATE REC'D

Luckenbill
STAFF LAST NAME

4549I755
ID#

INT

203258
DOC#

WAGNA
OFFENDER LAST NAME

INT