UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WAGNER,<br>Booking No. 25726367,<br><br>                      Plaintiff,<br>v.<br><br>5280 BAIL BONDS, et al.,<br><br>                      Defendants. | Case No.: 3:25-cv-01307-CAB-DEB<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO STAY AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[Doc. Nos. 2, 3]** |

Plaintiff Jesse Wagner, currently detained at George Bailey Detention Facility in San Diego, California, and proceeding pro se, filed this civil action while detained at the Crowley County Correctional Facility in Colorado, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. [*See* Compl.] Plaintiff, who alleges to reside in San Diego and to be the managing partner of Fugitive Warrants, a "private investigation company," claims a Colorado Bail Bonds company, one of its employees, and ten unidentified Does fraudulently converted ownership of a 2014 Ford Taurus owned by Fugitive Warrants after

his arrest in Denver in 2023.[1]  [*See id.* at 1–3.]

Plaintiff also filed a motion to proceed in forma pauperis ("IFP"), and has since filed a notice of change of address indicating he is now in the custody of the San Diego County Sheriff's Department.[2]  [*See* Doc. Nos. 2, 3.]  Plaintiff also requests a stay of the case for 120 days based on his lack of library access.  [*See* Doc. No. 3 at 1.]

I.  **MOTION TO PROCEED IFP**

Generally, all parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the fee only if he is granted leave to proceed

---

[1]  The Court takes judicial notice of Plaintiff's prior conviction in San Bernardino County Superior Court Case No. FVA020520 for impersonating an officer, robbery, being an ex-convict in a custodial facility, possessing a deadly weapon, and false impersonation while working as a bail bondsman and bounty hunter.  *See People v. Wagner*, No. E041850, 2008 WL 3856682, at *1 (Cal. Ct. App. Aug. 20, 2008); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2]  Plaintiff claims to have been transferred from custody in Colorado to California pursuant to the Interstate Agreement on Detainers ("IAD"), Cal. Penal Code § 1389.  *See* Doc. No. 3 at 1.  "The IAD provides that where a prisoner incarcerated in one state makes a proper request for trial of 'any untried indictment' pending in another state 'on the basis of which a detainer has been lodged against the prisoner,' the prisoner must be 'brought to trial' within 180 days of the request[.]"  *Tinghitella v. California*, 718 F.2d 308, 311 (9th Cir. 1983) (per curiam) (citing Interstate Agreement on Detainers Act, Pub. L. No. 91–538, art. III(a), 84 Stat. 1397 (1970)); *see Sills v. Busby*, No. 10-CV-2650-H KSC, 2012 WL 4107977, at *5 (S.D. Cal. Sept. 19, 2012).  San Diego County Sheriff's Office's online custody records indicate Plaintiff is currently charged with kidnapping, false imprisonment with violence, burglary, being a convicted felon in possession of body armor, making false arrest, and exhibiting a deadly weapon in San Diego County Superior Court Case No. SCS323653.  *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=1izd Flr3UuLt 125LStOZZO7xUApzmmIRhR2mcff7WvY%3d (Wagner, Jesse) (last visited July 30, 2025); *Malkin v. Fed. Ins. Co.*, 562 F. Supp. 3d 854, 861 (C.D. Cal. 2022)  ("the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.").

2

*in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

Section 1915(a)(1) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); (b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

Plaintiff did not pay the filing fee required to commence a civil action when he filed his complaint, and his motion to proceed IFP fails to include *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements required by 28 U.S.C. § 1915(a)(2). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Therefore, unless Plaintiff either pays the filing fee or files a properly supported

motion to proceed IFP that includes both an affidavit that meets the requirements set out in 28 U.S.C. § 1915(a)(1) and certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II. CONCLUSION

Accordingly, the Court:

1. **DENIES** Plaintiff's motion to proceed IFP [Doc. No. 2] and **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a);

2. **DENIES** Plaintiff's motion to stay the case as moot [Doc. No. 3]; and

3. **GRANTS** Plaintiff forty-five (45) days leave from the date of this order to re-open his case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or* (b) filing a motion to proceed IFP and declaration in support of the motion that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2(b). Should Plaintiff neither pay the $405 filing fee in full nor file a complete, renewed motion and declaration to proceed IFP within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated: August 26, 2025

Hon. Cathy Ann Bencivengo
United States District Judge