UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESSE WAGNER,
Booking No. 25726367,

                                    Plaintiff,

v.

5280 BAIL BONDS, et al.,

                                    Defendants.

Case No.  3:25-cv-01307-CAB-DEB

**ORDER DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**

**[Doc. No. 6]**

Plaintiff Jesse Wagner, while detained at the Crowley County Correctional Facility in Colorado, filed this civil action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 in May 2025.  [Doc. No. 1 ("Complaint").]  Wagner was later transferred to George Bailey Detention Facility, [*see* Doc. No. 3], alleges to reside in San Diego, and to be the managing partner of Fugitive Warrants, a "private investigation company." [Complaint at 2–3.][1]  In his Complaint, Wagner alleges a Colorado Bail Bonds company, one of its

---

[1] The Court takes judicial notice of Plaintiff's prior conviction in San Bernardino County Superior Court Case No. FVA020520 for impersonating an officer, robbery, being an ex-convict in a custodial facility, possessing a deadly weapon, and false impersonation while working as a bail bondsman and bounty hunter. *See People v. Wagner*, No. E041850, 2008 WL 3856682, at *1 (Cal. Ct. App. Aug. 20, 2008); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other

1

25-cv-01307-CAB-DEB

employees, and ten unidentified Does fraudulently converted ownership of a 2014 Ford Taurus owned by Fugitive Warrants after Wagner's arrest in Denver in 2023. [*Id.* at 1–4.]

The Court denied Wagner's initial motions to proceed *in forma pauperis* ("IFP"), and to stay the case after he was transferred to the custody of the San Diego County Sheriff's Department, because he failed to comply with 28 U.S.C. § 1915(a)(1) and (2). [Doc. No. 4 at 3–4.]   The Court granted Wagner leave to correct these deficiencies, however, and on December 26, 2025, he re-submitted a copy of his Complaint together with a renewed IFP motion, this time including a copy of his 6-month trust account activity. [Doc. Nos. 5, 6.]

For the reasons explained below, the Court **DENIES** Plaintiff's renewed IFP motion and **DISMISSES** the case without prejudice.

## I.   IFP MOTION

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350.  *See* 28 U.S.C. § 1914(a).[2]  Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*").  "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Wagner, however, "face an additional hurdle."  *Id.*

### A.   "Three Strikes" Rule

"To help staunch a flood of nonmeritorious prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. That rule generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that

---

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2]  The court charges an additional $55 administrative fee, but "[t]his fee does not apply to . . . persons granted *in forma pauperis* status under 28 U.S.C. § 1915."  28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023)); *see also* S.D. Cal. CivLR 4.5.a.

2

is, without first paying the filing fee—if he has had three or more prior suits dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Lomax v. Ortiz-Marquez*, 590 U.S. ---, 140 S.Ct. 1721, 1723 (2020) (internal citation and quotation marks omitted) (alterations in original). "A negative consequence that may impact a prisoner who files . . . frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (internal quotation marks omitted). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S.Ct. at 1724–25. "[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffmann v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). But once a prisoner accumulates three strikes, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1055.

**B.    Prior "Strikes"**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as public court dockets on PACER show Wagner is no longer eligible to proceed IFP because while incarcerated, he has had more

3

than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]

The following records sufficiently show Wagner accumulated four qualifying strikes before he filed this case:

(1)    *Wagner v. Woods,* Case No. 3:00-cv-00421-H-POR (S.D. Cal. June 15, 2000) (Order dismissing First Amended Complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)). [Doc. No. 6];

(2)    *Wagner v. Donnelly*, Case No. 2:00-cv-00949-FCD-JFM (E.D. Cal. June 9, 2000) (Order granting IFP per 28 U.S.C. § 1915(a) and Findings and Recommendations ["F&Rs"] to dismiss action *sua sponte* as "not cognizable under § 1983") [Doc. No. 4 at 2–3]; *id.,* (E.D. Cal. July 25, 2000) (Order adopting F&Rs and dismissing action) [Doc. No. 6];[4]

(3)    *Wagner v. Finneran*, Case No. 5:07-cv-01557-AG-RNB (C.D. Cal. April 10, 2008) (Report & Recommendation ["R&R"] to dismiss Second Amended Complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend for failing to state a claim and as time-barred) [Doc. No. 11]; *id.*, 2008 WL 2156723, at *1 (C.D. Cal. May 22, 2008) (Order adopting R&R and dismissing action) [Doc. No. 12];[5] and

(4)    *Wagner v. Global Tel Link*, Case No. 5:09-cv-01552-UA-RNB, (C.D. Cal. Sept. 4, 2009) [Doc. No. 2] (Order denying IFP and dismissing complaint as "legally and/or factually frivolous") [Doc. No. 2].

---

[3] Pursuant to Fed. R. Evid. 201(b)(2), this Court may take judicial notice of the docket records in Wagner's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

[4] Dismissals like this one, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), "may constitute a PLRA strike for failure to state a claim when *Heck'*s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

[5] This case counts a strike under § 1915(g) because Plaintiff's case was dismissed "as a whole" for two separate qualifying reasons: (1) Plaintiff's allegations failed to state a claim upon which § 1983 relief could be granted; and (2) it was clear from the face of his pleading that Plaintiff's claims were time-barred. *Hoffmann*, 928 F.3d at 1152; *see also Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (concluding that the dismissal of a time-barred complaint for failure to state a cause of action upon which relief could be granted was properly assessed as a strike pursuant to 28 U.S.C. § 1915(g)).

4

### C.      Imminent Danger of Serious Physical Injury

Because Wagner accumulated these prior qualifying dismissals while incarcerated, he may not proceed IFP unless he meets § 1915(g)'s "imminent danger" exception.  To do so, his pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)).  Imminent danger requires a claimed harm that is "ready to take place" or "hanging threateningly over one's head."  *Id.* at 1056.  The alleged danger must also "stem[] from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701.  In short, § 1915(g)'s exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm."  *Hernandez v. Williams*, No. 21-cv-00347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Wagner's complaint fails to include any plausible allegation that he faced imminent physical danger at the time of filing.  Instead, he seeks to bring a diversity action in an attempt to recover monetary damages against a Colorado bail bond company and one of its employees for, *inter alia*, fraudulent transfer of a vehicle title, unjust enrichment, negligence, and breach of contract under Colorado law.  None of these wrongs plausibly subjected Wagner to imminent danger of serious physical injury at the time he filed suit and all are alleged to have occurred in Colorado in 2023. [Doc. No. 1 at 4–9.]  Civil actions seeking financial redress for past property losses plainly do not qualify for § 1915(g)'s "limited safety valve" exception.  *Ray*, 31 F.4th at 701.  Consequently, Wagner is not entitled to the privilege of proceeding IFP in this case.

## II.     CONCLUSION

For the reasons explained, the Court:

(1)  **DENIES** Wagner's renewed motion to Proceed IFP [Doc. No. 6] as barred by 28 U.S.C. § 1915(g);

(2)  **DISMISSES** this action without prejudice based on his failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

5

25-cv-01307-CAB-DEB

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk to enter a judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated:  February 18, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

6

25-cv-01307-CAB-DEB